6256.  NEWELL *v.* THE STATE.

The evidence did not authorize a conviction of larceny. Ordinarily one can not be legally convicted of the larceny of property when the title and the right of possession of the property were in himself at the time of the alleged larceny, even though he may have previously parted with the actual possession.

DECIDED MAY 17, 1915.

Accusation of larceny; from city court of Newnan—Judge Post. December 16, 1914.

*T. G. Farmer Jr.,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

RUSSELL, C. J. The defendant was hired by the prosecutor as a laborer on his farm. Before contracting to do the work the defendant had purchased from a firm of merchants a suit of clothes upon which he owed a balance of eleven or thirteen dollars. The prosecutor paid the balance due on the clothes for the defendant. The defendant worked one month at 75 cents per day, was paid $5, was ordered to bring the clothes to the prosecutor, and was given a cursing and told to leave the place at once. The clothes were left by the prosecutor at the house of another of his em-

ployees. Later the defendant returned and got his clothes. Upon seeing the defendant wearing the clothes the prosecutor had him arrested and prosecuted for larceny. The defendant said that he got them with the prosecutor's consent. The prosecutor denied this. It matters not whether he got them with or without the consent of the prosecutor. The defendant had bought the clothes and had them in his possession. The fact that the prosecutor paid a balance due on the purchase-money did not per se transfer to him any title; nor did the fact that the defendant, upon being ordered to do so, either willingly or unwillingly left his clothes with the prosecutor pass the title out of himself. It is not contended that the defendant sold the clothes to the prosecutor. Unless he did sell them or make some contract whereby he passed the title or the right of possession out of himself, he can not be convicted of larceny of the clothes. This case is very similar to the case of *Love* v. *State*, 78 *Ga.* 66 (3 S. E. 893, 6 Am. St. R. 234). The court erred in overruling the motion for a new trial.

*Judgment reversed.*